UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELISSA A. SCHUSTER, ) | Case No. 3:08 CV 2594 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| SHERRI DUFFEY, WARDEN, ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommended Decision of Magistrate Judge Greg White, issued on July 29, 2009 ("R & R") (*ECF No. 10*). The Magistrate Judge recommends that the Court deny the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Elissa A. Schuster. (*ECF No. 1*).

On April 18, 2005, Petitioner pled guilty in the Lucas County Court of Common Pleas to one count of Pandering Obscenity Involving a Minor, one count of Illegal Use of a Minor in Nudity-Oriented Material or Performance, and one count of Rape of a Minor less than ten years of age. After Petitioner retained new counsel, the trial court vacated her plea on June 21, 2005. A trial was then held and a jury found Petitioner guilty on all counts.

Petitioner then filed a motion to vacate sentence, which was denied at a hearing on October 27, 2005. Petitioner was sentenced, consecutively, to four years on Pandering Obscenity Involving a Minor conviction, four years on Illegal Use of a Minor in Nudity-Oriented Material or Performance conviction, and life imprisonment with parole eligibility after ten years on the Rape of a Minor conviction.

Petitioner, represented by new counsel, filed a timely Notice of Appeal to the

Sixth District Court of Appeals, Lucas County, on six grounds, including that her sentencing should be reconsidered in light of *State v. Foster*, 109 Ohio St.3d 1 (2006).  On July 6, 2007, the state appellate court denied all grounds related to Petitioner's conviction but remanded for resentencing pursuant to *Foster*.  Petitioner filed a timely appeal of the Sixth District Court of Appeals' decision to the Ohio Supreme Court.  The Ohio Supreme Court dismissed the appeal on October 31, 2007, for not involving any substantial constitutional question.  Resentencing eventually took place on December 21, 2007.  Petitioner received the same sentence, which she did not appeal.

Petitioner also sought post-conviction relief in Lucas County Court of Common Pleas, filing a petition for relief on December 7, 2006, alleging ineffective assistance of trial counsel and juror misconduct.  The trial court denied the petition on August 21, 2007.  Petitioner's appeal of the trial court decision was denied by the Sixth District Court of Appeals on June 13, 2008, and then by the Ohio Supreme Court on October 1, 2008, for not involving any substantial constitutional question.

Petitioner filed the instant habeas petition on November 3, 2008, raising six grounds for relief: 1) ineffective assistance of counsel; 2) violation of the double jeopardy clause; 3) due process and equal protection violations due to cumulative errors in trial leading to a wrongful verdict; 4) jury misconduct; 5) insufficient evidence to convict on the rape charge; and 6) judicial misconduct.  *ECF No. 1*.  Respondent filed a return of writ on April 3, 2009. *ECF No. 5*.  Citing "the intense complexity of this portion of legal proceedings," Petitioner did not file a traverse, instead asking the Magistrate Judge to consider her initial arguments. *ECF No. 9*.

On July 29, 2009, the Magistrate Judge issued the pending R&R recommending that the Court dismiss the petition.  Under the relevant statute:

> Within <u>ten days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added).  It is now September 3, 2009.  Over five weeks have elapsed since the R & R was issued, and Petitioner has filed neither an objection nor a request for an extension of time to file an objection.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's comprehensive, well-written R&R and agrees with the Magistrate Judge's conclusions.  Accordingly, the Court hereby **ADOPTS** the Report and Recommended Decision of the Magistrate Judge (*ECF No. 10*), and **DISMISSES WITH PREJUDICE** the Petition (*ECF No. 1*).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     September 3, 2009*
**Dan Aaron Polster**
**United States District Judge**